NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ROBERT QUIROZ, | ) | No. C 11-00016 JF (PR) |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| vs. | ) | |
| WILLIAM CATE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner at the Pelican Bay State Prison ("PBSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Partial Dism. and of Svc; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.11\00016Quiroz_svc.wpd

1

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff presents the following claims: (1) defendants violated his right under the First Amendment by preventing him from providing legal assistance to another inmate, (Compl. at 59); (2) defendants violated his First Amendment Right to association and speech, (id.); (3) defendants violated the First Amendment by retaliating against him, (id. at 59-60); (4) defendants violated his First and Fourteenth Amendment equal protections rights to prosecute his claims (id. at 60); (5) defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by their harassment, intimidation and intentional interference with his mail, (id. at 61); (6) defendants violated the Eighth Amendment by subjecting Plaintiff to "malicious harassment" by interfering with his relationship with his future wife and correspondence with family and friends, (id.); (7) defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment, (id. at 62); (8) defendants conspired to deprive Plaintiff of his constitutional rights, (id.); (9) defendants violated his First and Fourteenth Amendment rights to marry and maintain familial relationships, (id. at 63); (10) defendants' actions also violated state laws, (id. at 63-64); and (11) supervisory defendants breached their duties by "failing to stop the retaliation, harassment, intimidation, [and] intentional interference [with Plaintiff's mail]," (id. at 64-65.)  Liberally construed, claims 1, 2, 3, 4, 8, 9 and 11 are cognizable under § 1983.

1       Plaintiff presents virtually the same claim under 5 and 6.  A prison official violates
2 the Eighth Amendment when two requirements are met: (1) the deprivation alleged must
3 be, objectively, sufficiently serious, <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing
4 <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a
5 sufficiently culpable state of mind, <u>id.</u> (citing <u>Wilson</u>, 501 U.S. at 297).  In determining
6 whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective
7 component of an Eighth Amendment claim, a court must consider the circumstances,
8 nature, and duration of the deprivation.  The more basic the need, the shorter the time it
9 can be withheld.  <u>See</u> <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial
10 deprivations of shelter, food, drinking water or sanitation for four days, for example, are
11 sufficiently serious to satisfy the objective component of an Eighth Amendment claim.
12 <u>See id.</u> at 732-733.  Here, it cannot be said that prison correspondence is such a "basic
13 necessity" under the Eighth Amendment such that interference therewith amounts to a
14 cruel and unusual punishment.  Accordingly, claims 5 and 6 are DISMISSED for failure
15 to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915A(b)(1),(2).

16       Under claim 7, Plaintiff alleges that defendants failed to provide for his serious
17 medical needs.  In support thereof, Plaintiff presents new and separate facts which
18 involve different defendants from his mail related claims.  (Compl. at 43-58.)  "A party
19 asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent
20 or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P.
21 18(a).  However, while a plaintiff may raise multiple claims against a single party, Claim
22 A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.
23 <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different
24 defendants belong in different suits," not only to prevent the sort of morass that a multi-
25 claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the
26 required filing fees – for the Prison Litigation Reform Act limits to 3 the number of
27 frivolous suits or appeals that any prisoner may file without prepayment of required fees."
28 <u>Id.</u> (citing 28 U.S.C. § 1915(g)).  Accordingly, claim 7, as an unrelated claim against

1 different defendants, is DISMISSED without prejudice to Plaintiff filing as a separate
2 action.
3     The Court will exercise supplemental jurisdiction of the state claims under claim
4 10, but only as they relate to Plaintiff's mail related claims found cognizable above. See
5 United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

**C.  Defendant Does 1-8**

    Plaintiff names Defendants "Does 1-8" in his complaint. (Compl. at 4.)  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendant Does 1-8 are DISMISSED from this action.  If through discovery Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them.  See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

**CONCLUSION**

    For the reasons stated above, the Court orders as follows:

    1.    The Eighth Amendment medical claims against Defendants Dwight Winslow, Michael Sayre, Maureen McLean, and Susan Risenhoover are DISMISSED without prejudice to Plaintiff filing these claims in a separate action.  The Clerk shall terminate these Defendants from this action.

    Defendant Does 1-8 are DISMISSED without prejudice from this action.

Order of Partial Dism. and of Svc; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.11\00016Quiroz_svc.wpd     4

1  |  2. The Clerk of the Court shall issue summons and the United States Marshal
2  |  shall serve, without prepayment of fees, a copy of the complaint in this matter, all
3  |  attachments thereto, and a copy of this order upon **Defendants Robert A. Horel,**
4  |  **Francisco Jacquez, G. D. Lewis, M. J. Nimrod, K. Brandon, M. Mcguyer, R. Rice, D.**
5  |  **Barneburg, C. Coulter, J. Barneburg, M. Winingham, D. Short, A. Dornback, S.**
6  |  **Burris, C. Countess, G. Pimental, J.Puente, Chris Wilbur, J. F. Akin, G. D'errico,**
7  |  **M. Pena, and A. Hernandez** at the **Pelican Bay State Prison**, and upon **Defendant**
8  |  **William Cate** at the **California Department of Corrections and Rehabilitation,**
9  |  **Inmate Appeals Branch,** (P.O. Box 972883, Sacramento, CA 94283-0001).  The Clerk
10 |  shall also <u>mail courtesy copies</u> of the Complaint and this order to the California Attorney
11 |  General's Office.

12 |  3. No later than **sixty (60) days** from the date of this order, Defendants shall
13 |  file a motion for summary judgment or other dispositive motion with respect to the claims
14 |  in the complaint found to be cognizable above, or, within such time, notify the Court that
15 |  Defendants are of the opinion that this case cannot be resolved by such a motion.

16 |        a. If Defendants elect to file a motion to dismiss on the grounds that
17 |  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
18 |  § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to
19 |  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v.</u>
20 |  <u>Terhune</u>, 540 U.S. 810 (2003).

21 |        b. Any motion for summary judgment shall be supported by adequate
22 |  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
23 |  Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted,</u>**
24 |  **<u>nor qualified immunity found, if material facts are in dispute.  If Defendants are of</u>**
25 |  **<u>the opinion that this case cannot be resolved by summary judgment, they shall so</u>**
26 |  **<u>inform the Court prior to the date the summary judgment motion is due.</u>**

27 |  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court
28 |  and served on Defendants no later than **thirty (30) days** from the date Defendant's

Order of Partial Dism. and of Svc; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.11\00016Quiroz_svc.wpd      5

motion is filed.

    a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  6/10/11

JEREMY FOGEL
United States District Judge

Order of Partial Dism. and of Svc; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.11\00016Quiroz_svc.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK R. QUIROZ,

        Plaintiff,

  v.

WILLIAM CATE, et al.,

        Defendants.
                                           /

Case Number: CV11-00016 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  6/24/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark Robert Quiroz C-50887
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated:  6/24/11

                                              Richard W. Wieking, Clerk