IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK ROBERT QUIROZ,   )   No. C 11-0016 LHK (PR)
                                              )
        Plaintiff,   )   INSTRUCTIONS TO CLERK;
                                              )   ORDER ADDRESSING
  v.                                        )   PENDING MOTIONS
                                              )
MATTHEW CATE, et al.,   )
                                              )   (Docket Nos. 67, 68, 70, 77, 79,
        Defendants.   )   82, 86, 88, 91, 95)
_____ )

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court partially dismissed Plaintiff's complaint, and ordered it served upon named Defendants.

**DISCUSSION**

I.    <u>Motion to Re-issue Summons on Defendant Matthew Cate (Docket No. 67)</u>

    On September 8, 2011, the Court directed Plaintiff to provide current location information for Defendant William Cate so that the Marshal could effect service on Plaintiff's behalf. On September 26, 2011, Plaintiff filed a motion and supporting declaration, stating that he mistakenly named "William Cate" as a Defendant, but should have named "Matthew Cate," the Secretary of the California Department of Corrections and Rehabilitation, as Defendant instead. Plaintiff's motion to re-issue summons upon Matthew Cate is GRANTED. The Clerk of the Court is instructed to serve Defendant Matthew Cate at the following address: Matthew Cate, 1515 S Street, Sacramento, CA 95814. The Clerk is also instructed to substitute "Matthew

Cate" for "William Cate."

II.   Motion for Court Order Directing Pelican Bay State Prison Law Library to Photocopy Documents (Docket No. 68)

Plaintiff requests a Court order directing the prison law library to copy Plaintiff's opposition to any dispositive motion that may be filed by Defendants. Plaintiff has moved for a similar Court order previously. In the Court's September 8, 2011 order, the Court denied Plaintiff's original request for a Court order instructing the prison law library to make photocopies of motions in excess of 100 pages. Plaintiff was instructed that he could file a renewed motion in which he provides adequate information justifying the excess pages. The present motion does not include any such justification.

The Court will not issue the requested order as, under the Local Rules of this District, no opposition brief may exceed 25 pages of text, absent leave of court. *See* Civil L.R. 7-4(b). Consequently, in order to exceed the limits of the prison regulation, Plaintiff would have to file a 25-page brief, together with more than 75 pages of exhibits. At this time, there is no indication that Plaintiff cannot file an opposition brief, including exhibits, that does not exceed 100 pages in length. Plaintiff is advised that, in order to reduce the number of pages to be photocopied, he need not resubmit exhibits upon which he tends to rely where such exhibits have been submitted by Defendants, or otherwise are already contained in the record of the case, provided that Plaintiff cites to any such previously-submitted exhibit and adequately identifies where it can be located in the record.

Accordingly, Plaintiff's request for an order directing the prison law library to photocopy documents in excess of 100 pages is DENIED without prejudice.

III.   Motion to Compel Discovery (Docket Nos. 70, 95)

Plaintiff alleges that he requested discovery from several Defendants on July 11, July 15, and July 18, 2011. After having received no response from Defendants, Plaintiff wrote to Defendants' counsel on August 28, 2011, and requested a response to his discovery inquiries. After having received no communication from defense counsel, Plaintiff filed a motion to compel on September 26, 2011.

Defendants oppose the motion. Defense counsel avers that she was assigned to this case

on July 27, 2011 – after Plaintiff had already sent requests for discovery. Most of the Defendants made their first appearance in this case on August 17, 2011, by filing a motion for extension of time to file a dispositive motion. The summonses were returned executed for all Defendants except Matthew Cate, who has yet to be served, on September 21, 2011.

Because Defendants were not parties until, at the earliest, August 17, 2011, Plaintiff's July 2011 requests for discovery were premature. In addition, Plaintiff may file a motion to compel discovery only after he satisfies the "meet and confer" requirements of the discovery rules. *See* Fed. R. Civ. P. 37(a)(2)(A) (providing motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action). Because Plaintiff is detained, however, he is not required to meet and confer with Defendants in person. Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information. Unless and until Plaintiff files the requisite certification demonstrating that he has conferred with Defendants, making known his intention to file a motion to compel, the Court will not interfere with discovery matters. Defendants are encouraged to respond to Plaintiff's discovery requests, if appropriate, in a thorough and timely manner. At this time, the motion to compel will be DENIED without prejudice as premature.

Plaintiff's motion for a hearing on his motion to compel and his motion to re-issue summons on Cate is DENIED as unnecessary.

IV.  Motion for Entry of Default (Docket No. 79)

On October 21, 2011, plaintiff filed a request for entry of default against all Defendants except Short for failing to file a timely response. Under Rule 55(a) of the Federal Rules of Civil Procedure, judgment by default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Defendants against whom Plaintiff seeks an entry of default filed their waiver of answer on October 11, 2011 – prior to the date Plaintiff filed his motion for entry of default. Accordingly, Plaintiff's request for entry of default is DENIED.

Order Addressing Pending Motions
P:\pro-se\sj.lhk\cr.11\Quiroz016misc         3

V. <u>Motion for Contempt and Sanctions (Docket No. 88)</u>

On November 7, 2011, Plaintiff moved for a judgment of contempt and sanctions against all Defendants except Short, alleging that they failed to answer or otherwise defend, as ordered by this Court. A review of the pleadings filed in this matter reveals that, on June 24, 2011, the Court directed Defendants to file a dispositive motion within 60 days of the filing date of the order. Before the deadline for filing, Defendants filed a motion for an extension of time to file a dispositive motion. On September 8, 2011, the Court granted their motion and extended the deadline for filing until November 21, 2011. Despite Plaintiff's argument, there is no indication that Defendants have failed to comply with this Court's orders. Plaintiff's motion for contempt and sanctions is DENIED.

VI. <u>Motion for Appointment of Counsel (Docket No. 82)</u>

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services,* 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

VII. <u>Short's Motion to Dismiss (Docket Nos. 77, 86, 91)</u>

Short moves to dismiss two of the claims against him under Federal Rule of Civil Procedure 12(b)(6). Specifically, Short argues that the complaint fails to sufficiently state a claim against him regarding the adjudication of one of Plaintiff's administrative appeals, and Plaintiff's right to marry.

Failure to state a claim is a grounds for dismissal before service under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

In Plaintiff's complaint, he alleges that his First Amendment right was violated when

Defendants confiscated his incoming mail. (Compl. at 59.) In his statement of facts, he claims that Short was one of the officials who reviewed his administrative appeal and denied him relief. Short argues, and Plaintiff concedes (docket no. 86 at 3), that there is no constitutional right to a grievance process. A review of the Court's order of service, however, demonstrates that the Court did not find that the complaint stated an allegation of a constitutional right to a grievance process. Accordingly, the motion to dismiss this claim against Short is DENIED as unnecessary.

Short next argues that Plaintiff's complaint fails to allege a sufficient nexus between him and Plaintiff's claim that Plaintiff was denied his fundamental right to marry. In Plaintiff's statement of facts regarding this claim, he asserts that prison official John Doe purposefully mailed a letter to Plaintiff's girlfriend, which had been written by Plaintiff, but intended for another woman. (Compl. at 29-30.) In Plaintiff's administrative appeal, later processed as a staff complaint, the response at the second level of review indicated that Short was questioned as a witness, and ultimately, Plaintiff's appeal was granted. (*Id.* at 30-31.)

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the complaint reads, it does not show that Short was personally involved in violating Plaintiff's right to marry.

In response, Plaintiff requests either a stay of this motion, or an extension of time to file his opposition to the motion, so that he can determine through discovery whether Short is the John Doe who he claims purposefully mailed the incriminating letter. However, Plaintiff is not necessarily entitled to discovery prior to disposition of a 12(b)(6) motion because the purpose of a 12(b)(6) motion is to allow a defendant to challenge the legal sufficiency of a complaint's allegations without first subjecting itself to discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Moreover, Short replies that an indefinite stay and an extension of time is unnecessary because his motion to dismiss these claims is not a dispositive motion. (Docket No. 97 at 2.) Indeed, even if the Court granted Short's motion to

P:\pro-se\sj.lhk\cr.11\Quiroz016misc
5

dismiss, Short would still be a Defendant in Plaintiff's retaliation claim. Recognizing that Plaintiff should be given an opportunity through discovery to identify the John Doe Defendants, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), Short correctly states that if Plaintiff, through discovery, determined that Short was the John Doe alleged to have violated his right to marry, Plaintiff may move to amend his complaint.

Accordingly, Plaintiff's motion to stay the proceedings, and motion for an extension of time to file an opposition to Short's motion to dismiss is DENIED. Short's motion to dismiss Plaintiff's right to marry claim against him is GRANTED.

This order terminates docket numbers 67, 68, 70, 77, 79, 82, 86, 88, 91, and 95.

IT IS SO ORDERED.

DATED: 11/23/11

LUCY H. KOH
United States District Judge