IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERT QUIROZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____ | No. C 11-0016 LHK (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Docket Nos. 100, 111, 115) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court partially dismissed Plaintiff's complaint, and ordered it served upon named Defendants.

Defendants have filed a motion to dismiss for failure to state a claim, and based on qualified immunity. Defendants have also filed a motion to stay discovery pending the resolution of their dispositive motion. A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Moreover, a district court should stay discovery until the threshold question of qualified immunity is settled. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). Thus, Defendants' motion to stay discovery is GRANTED. Discovery shall be stayed until the Court has adjudicated Defendants' motion to dismiss, and request for qualified immunity. If the Defendants' motion to dismiss and/or request for qualified immunity does not dispose of this entire action, the stay will

be automatically lifted without further order from the Court.

Plaintiff has filed a motion to compel the Pelican Bay State Prison Warden to allow him to obtain declarations from inmate witnesses in the Security Housing Unit. Alternatively, he requests appointment of counsel. As stated above, currently pending before the Court is Defendants' motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). At this time, Plaintiff's motion for a Court order compelling the Warden to permit him to obtain declarations from other inmates is DENIED without prejudice to renewal after the Court resolves Defendants' motion to dismiss, and request for qualified immunity. Plaintiff's motion, in the alternative, for appointment of counsel is DENIED without prejudice for the reasons already stated in the Court's November 28, 2011 order.

Plaintiff's motion for an extension of time to file an opposition is GRANTED. Plaintiff's opposition is due **no later than March 20, 2012**. Defendants' reply shall be filed **fifteen days** thereafter.

This order terminates docket numbers 100, 111, and 115.

IT IS SO ORDERED.

DATED: 1/5/12

LUCY H. KOH
United States District Judge