1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MARK ROBERT QUIROZ,                )   No. C 11-0016 LHK (PR)
                                         )
12              Plaintiff,               )   ORDER GRANTING PLAINTIFF'S
                                         )   MOTION TO AMEND COMPLAINT;
13                                       )   DENYING DEFENDANTS'
        v.                               )   MOTIONS TO DISMISS WITHOUT
14                                       )   PREJUDICE; DIRECTING
     MATTHEW CATE, et al.,               )   DEFENDANTS TO RESPOND
15                                       )
                Defendants.              )   (Docket Nos. 105, 119, 123, 125, 128,
16                                       )   129)
     _____)
17
          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42
18
     U.S.C. § 1983.  Upon initial screening, the Court partially dismissed Plaintiff's complaint, and
19
     ordered it served upon named Defendants.  Defendants have filed a motion to dismiss for failure
20
     to state a claim, and a request for qualified immunity.  (Docket No. 105.)  Defendant Cate has
21
     also filed a separate motion to dismiss for failure to state a claim.  (Docket No. 123.)  On March
22
     8, 2012, Plaintiff filed a motion to amend his complaint, along with a proposed amended
23
     complaint.
24
          A plaintiff may amend the complaint "once as a matter of course within [] 21 days after
25
     serving it." Fed. R. Civ. P. 15(a)(1)(A).  But, if the complaint requires a responsive pleading, a
26
     plaintiff may amend the complaint "21 days after service of a responsive pleading, or 21 days
27
     after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.
28
     15(a)(1)(B).  In all other cases, a plaintiff must obtain the defendant's consent or leave of Court

to amend a complaint.  Fed. R. Civ. P. 15(a)(2).  Here, there is no indication that Plaintiff has obtained Defendants' consent.  However, it does not appear that Defendants would be prejudiced by allowing Plaintiff to amend his complaint.  Thus, the Court GRANTS Plaintiff leave to amend his complaint.  *See id.* ("The court should freely give leave [to amend] when justice so requires.").  The Clerk shall file Plaintiff's amended complaint.  So filed, the amended complaint (docket no. 126) is the operative complaint.

As such, the Court DENIES Defendants' pending motions to dismiss without prejudice. (Docket Nos. 105, 123.)  Plaintiff's ex parte request to file an opposition to Defendants' motion is DENIED as moot.  Defendants' motion for an extension of time to file a reply to Plaintiff's opposition is DENIED as moot.  Plaintiff's opposition, filed March 23, 2012, is hereby stricken. Defendants may file a new motion to dismiss that encompasses the cognizable claims and supporting facts in Plaintiff's amended complaint.

Liberally construed, Plaintiff's asserts that:  (1) Defendants retaliated against him for filing grievances, filing a previous lawsuit, and submitting a declaration in support of another inmate's civil complaint; (2) Defendant Countess and John Doe # 4 violated his rights to association and marry and/or maintain familial relationships; (3) Defendants engaged in conspiracy; (4) supervisory Defendants failed to train and supervise their subordinates; and (5) Defendants violated state law.  The Court finds that these claims are sufficient to state cognizable federal civil rights claims, and exercises its supplemental jurisdiction over the state law claim as well.

Plaintiff also alleges that Defendants violated the Equal Protection Clause.  However, to state a claim for relief under the Equal Protection Clause, Plaintiff must allege that the defendant state actor acted at least in part because of Plaintiff's membership in a protected class.  *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  This, the Plaintiff has not done.  Thus, Plaintiff's allegations regarding a violation of the Equal Protection Clause are DISMISSED with leave to amend.  If Plaintiff believes he can amend this claim in good faith, he may move to amend the amended complaint within thirty days of the filing date of this order.  Moreover, Defendants John Does 1-4 are DISMISSED without prejudice.  Should Plaintiff discover the

1   identities of John Doe Defendants, he may move to include them at a later date.

2          Plaintiff has also filed a motion requesting that the Court take judicial notice that the

3   Institutional Gang Investigations Unit and the Investigative Services Unit unlawfully confiscated

4   and destroyed Plaintiff's documents, and denied Plaintiff access to the Court by deliberately

5   interfering with Plaintiff's litigation.  (Docket No. 119.)  The Court can judicially notice facts

6   that are not subject to reasonable dispute in that they are generally known within the territorial

7   jurisdiction of the Court, or they are capable of ready determination by resort to sources whose

8   accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).  The allegations contained in

9   Plaintiff's motion are subject to reasonable dispute, and thus, they are not judicially noticeable.

10  Accordingly, Plaintiff's motion for judicial notice is denied.

11         Plaintiff has also filed a motion for sanctions, or alternatively, a motion to stay (docket

12  no. 120), as well as a motion to compel Defendant Short to produce discovery (docket no. 122).

13  Defendants shall respond to Plaintiff's motions within thirty days of the filing date of this order.

14  Plaintiff shall file any reply within fifteen days thereafter.

15                                        **CONCLUSION**

16         1.      Plaintiff's motion for leave to amend his complaint is GRANTED.  (Docket No.

17  125.)  The Clerk shall file Plaintiff's amended complaint, received on March 8, 2012.

18  Defendants' motions to dismiss are DENIED without prejudice.  (Docket Nos. 105, 123.)

19  Plaintiff's ex parte request for leave to file excess pages is DENIED.  (Docket No. 128.)

20  Defendants' motion for an extension of time is DENIED.  (Docket No. 129.)  Plaintiff's motion

21  for judicial notice is DENIED.  (Docket No. 119.)

22         2.      No later than **thirty (30) days** from the date of this order, Defendants shall file a

23  response to Plaintiff's motion for sanctions and motion to compel.  Plaintiff shall file his reply

24  within **fifteen (15) days** thereafter.

25         3.      No later than **ninety (90) days** from the date of this order, Defendants shall file a

26  motion for summary judgment or other dispositive motion with respect to the cognizable claims

27  in the amended complaint.

28              a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

F.3d 1108, 1119-20 (9th Cir. 2003).

       b.     Any motion for summary judgment shall be supported by adequate factual

documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

**<u>qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion</u>**

**<u>that this case cannot be resolved by summary judgment, they shall so inform the Court</u>**

**<u>prior to the date the summary judgment motion is due.</u>**

       4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

       a.     In the event Defendants file an unenumerated motion to dismiss under

Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

       b.     In the event Defendants file a motion for summary judgment, the

Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of material fact
> for trial.  If you do not submit your own evidence in opposition, summary
> judgment, if appropriate, may be entered against you.  If summary judgment is
> granted in favor of defendants, your case will be dismissed and there will be no
> trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket numbers 105, 119, 123, 125, 128, and 129.

IT IS SO ORDERED.

DATED: _____4/9/12_____

LUCY H. KOH
United States District Judge