IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERT QUIROZ, | ) No. C 11-0016 LHK (PR) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANT |
| | ) SHORT'S MOTION TO DISMISS; |
| v. | ) DENYING PLAINTIFF'S MOTION TO |
| | ) COMPEL; DENYING PLAINTIFF'S |
| | ) MOTION FOR SANCTIONS; |
| MATTHEW CATE, et al., | ) FURTHER BRIEFING |
| Defendants. | ) |
| | ) (Docket Nos. 120, 122, 134) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The Court found that, liberally construed, Plaintiff stated cognizable claims of retaliation, a violation of the right to associate and marry, conspiracy, supervisory liability for failure to train or supervise, and violations of mandatory duties under state law. Defendant Short has filed a motion to dismiss for failure to state a claim. (Docket No. 134.) Plaintiff has filed an opposition, and Defendant Short has filed a reply. Also pending before the Court is Plaintiff's motion for sanctions and motion to compel Short to produce discovery. For the reasons stated below, Defendant Short's motion to dismiss is GRANTED in part and DENIED in part, Plaintiff's motion to compel is DENIED, and Plaintiff's motion for sanctions is DENIED.

# DISCUSSION

I. <u>Motion to Dismiss</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. *Id.* at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59. "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). That said, the Court is mindful that a *pro se* pleading must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570.

### A. Administrative Appeals

Defendant Short argues that there is no constitutional right to a grievance procedure and Plaintiff's claim should be dismissed. As Plaintiff notes, the Court did not find that such a claim was cognizable in its order of service. Thus, there is no such claim at issue in this proceeding, and Defendant Short's motion to dismiss this claim is DENIED as unnecessary.

### B. Failure to Train or Supervise

Defendant Short argues that Plaintiff's allegations against him as a supervisor fails to state a claim because they are conclusory. Plaintiff responds that Defendant Short was a Sergeant within the Institutional Gang Investigations ("IGI") Unit, of which other Defendants were employed, and where Plaintiff complains of separate instances of retaliation through deliberate and improper mail practices. Defendant Short reviewed at least one of Plaintiff's administrative appeals, and purportedly knew of other IGI employees' actions when he was a supervisor. Here, in contrast to *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012), Plaintiff has alleged specific allegations regarding Defendant Short's alleged knowledge of the improper policies and actions. Accordingly, Defendant Short's motion to dismiss this claim is DENIED.

### C. Conspiracy

Defendant Short argues that Plaintiff has failed to make the requisite showing to allege conspiracy under 42 U.S.C. § 1985(3). Plaintiff responds that his conspiracy claim is one under § 1983, and not § 1985. To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between the defendants to deprive plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation. *Garcia v. Grimm*, No. 1:06-cv-225-WQH (PCL), 2011 WL 817426, at *9 (S.D. Cal. Mar. 2, 2011) (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999) (en banc)); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). Because conspiracies are secret agreements, "[a] defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions." *Gilbrook*, 177 F.3d at 856-57. Conclusory allegations of conspiracy are insufficient to state a claim for relief. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Rather, Plaintiff must state specific facts to support

Order Granting in Part and Denying in Part Defendant Short's Motion to Dismiss; Denying Plaintiff's Motion to Compel; Denying Plaintiff's Motion for Sanctions
G:\PRO-SE\SJ.LHK\CR.11\Quiroz016mtcsancShort.wpd     3

the existence of the claimed conspiracy. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation and citation omitted).  Here, liberally construing Plaintiff's claims, it can be inferred that Defendant Short and several other Defendants engaged in an agreement to retaliate against Plaintiff by, *inter alia*, interfering and tampering with his mail.  Defendant Short's motion to dismiss this claim is DENIED.

### D. Mandatory Duties

California Government Code Section 815.6 states in pertinent part: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."  California courts utilize a three-pronged test to determine if liability for a mandatory duty may be imposed upon the public entity: (1) a statute or enactment must impose a mandatory duty (2) that intends to protect against the kind of risk of injury suffered by the plaintiff, and (3) breach of the mandatory duty must be a proximate cause of the injury suffered. *County of Los Angeles v. Superior Court*, 102 Cal. App. 4th 627, 638-39 (2002).  "An enactment creates a mandatory duty if it requires a public agency to take a particular action. . . . [It] does not create a mandatory duty if it merely recites legislative goals and policies that must be implemented through a public agency's exercise of discretion." *Id.* at 639 (internal citation omitted).

Plaintiff claims that Defendant Short violated several mandatory duties under state law. Defendant Short argues that Plaintiff has failed to state a claim because the challenged statutes were not intended to protect against a certain type of harm, and Plaintiff has not demonstrated that he has suffered any injury from these violations.

Plaintiff argues that Defendant Short violated his duty under California Penal Codes §§ 147 (willful inhumanity or oppression on a prisoner) and 673 (cruel, corporal or unusual punishment).  However, these penal statutes are criminal ones, designed to provide criminal punishment.  The Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil

cause of some sort lay in favor of someone.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (quoting *Cort. v. Ash*, 422 U.S. 66, 79 (1975)). This Court has found no authority to support Plaintiff's claim that a private right of action exists under these criminal statutes. *See, e.g.*, *Young v. City of Visalia*, 673 F.Supp.2d 1155, 1167 (E.D. Cal. 2010) (§ 147); *Wilds v. Gines*, No. 08-3348 CW, 2011 WL 737616, at *10 (N.D. Cal. filed Feb. 23, 2011) (§ 673). Thus, Plaintiff's claim that Defendant Short violated his mandatory duty under California Penal Codes §§ 147 and 673 is DISMISSED.

Plaintiff also argues that the California Department of Corrections and Rehabilitation Operations Manual ("CDCR DOM") §§ 33030.3, 33030.3.1 (Code of Conduct), and 33030.3.3 (Law Enforcement Code of Ethics) impose a mandatory duty on Defendant Short to respect the rights of others. First, Plaintiff's amended complaint does not allege that Defendant Short engaged in behavior that would fall under the CDCR DOM §§ 33030.3, 33030.3.1, or 33030.3.3. Thus, there is no link between any mandatory duty and Defendant Short. Second, even if there were an appropriate allegation of causation, Plaintiff has not alleged that CDCR DOM §§ 33030.3, 33030.3.1, or 33030.3.3 were intended to protect against Plaintiff's alleged injury. *See Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 499 (2000). Finally, these policy regulations appear to be general declarations of policy goals, and thus do not impose a mandatory duty within the meaning of § 815.6. *See County of Los Angeles*, 102 Cal. App. 4th at 639. Thus, Plaintiff's claim that Defendant Short violated his mandatory duty under CDCR DOM §§ 33030.3, 33030.3.1, and 33030.3.3 is DISMISSED.

Plaintiff further argues that Defendant Short violated mandatory duties per California Code of Regulations, title 15, §§ 3004 (Rights and Respect of Others); 3084.1 (Right to Appeal); 3130 (General Policy - regarding Mail); 3271 (Responsibility of Employees); 3291 (Employee Law Enforcement and Peace Officer Personnel); and 3413(b) (Incompatible Activity). With the exception of § 3084.1, the remaining statutes appear to be general declarations of policy. As such, they are not mandatory duties within the meaning of § 815.6. *See County of Los Angeles*, 102 Cal. App. 4th at 639. Further, again with the exception of § 3084.1, Plaintiff has not sufficiently linked Defendant Short to any violation of the remaining statutes.

At this time, the Court will DISMISS Plaintiff's claim that Defendant Short violated his mandatory duties under California Code of Regulations, title 15, §§ 3004 (Rights and Respect of Others); 3130 (General Policy - regarding Mail); 3271 (Responsibility of Employees); 3291 (Employee Law Enforcement and Peace Officer Personnel); and 3413(b) (Incompatible Activity). However, Defendant Short's motion to dismiss Plaintiff's state law claim that he violated his mandatory duty under § 3084.1 is DENIED.

In sum, Defendant Short's motion to dismiss for failure to state a claim is GRANTED in part and DENIED in part. The Court DISMISSES Plaintiff's state law claims that Defendant Short violated mandatory duties under California Penal Codes §§ 147 and 673; CDCR DOM §§ 33030.3, 33030.3.1, or 33030.3.3; California Code of Regulations, title 15, §§ 3004 (Rights and Respect of Others), 3130 (General Policy - regarding Mail), 3271 (Responsibility of Employees), 3291 (Employee Law Enforcement and Peace Officer Personnel), and 3413(b) (Incompatible Activity).

II.     Motion to Compel

On October 17, 2011, Plaintiff served requests for discovery on Defendant Short. On November 28, 2011, counsel for Defendant Short served answers and objections to Plaintiff's discovery requests. (Opp., Exs. B, C.) On December 5, 2011, Plaintiff sent a "notice" and "good faith" letter to counsel to meet and confer, and attempted to persuade Defendant Short to produce answers to Interrogatories 2, 8, 9, 10, and 11. (Dkt. No. 122, Ex. E.) On December 9, 2011, Plaintiff sent a "second notice" and "good faith" letter to counsel to meet and confer, and attempted to persuade Defendant Short to produce documents responsive to Plaintiff's Request for Production of Documents ("RPD") 2, 4, 5, 6, 7, 10, 12, 13, 14, and 15. (Dkt. No. 122, Ex. F.) That same day, Defendant Short produced a supplemental response to Plaintiff's RPD numbers 10 and 15. (Opp., Ex. C.) On January 11, 2012, Plaintiff mailed the underlying motion to compel.

The federal rules allow liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The party resisting discovery has the burden of establishing lack of relevance or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). The resisting party must

demonstrate that the documents are not relevant under the broad scope of relevance provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, or that the documents are "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). A recitation that the discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party resisting discovery must instead "'show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Josephs*, 677 F.2d at 992.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *See, e.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.

For the following reasons, the Court will DENY Plaintiff's motion to compel without prejudice. Here, it is apparent that Plaintiff has received some answers to his requests for discovery after filing the underlying motion to compel. For example, in Plaintiff's response to Defendant's answers to interrogatories, Plaintiff asserted that his requests were an attempt to seek the identity of John Doe #4 so that he might amend his complaint to include him in the lawsuit. (Dkt. No. 122, Ex. E at 2.) However, it appears that, earlier this year, Plaintiff discovered the identity of John Doe #4. (Dkt. No. 149 at 4, n.4.) At this point, the Court is not certain what discovery items, if any, remain outstanding.

In addition, in light of the dismissal of most of the state law claims against Defendant Short, some requests for discovery are no longer relevant. For example, Plaintiff's RPD number 6, seeking all grievances against Defendant Short for discourteous or disrespectful behavior, at this point, does not appear to be likely to lead to any admissible evidence.

Moreover, a review of the parties' communications with each other, as well as the underlying pleadings reveals that neither party has met its burden. Specifically, Defendant Short's objections to several of the RPD and interrogatories were general, boilerplate objections with little to no explanation. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996) (recognizing that the party asserting the privilege has the burden to set for the essential elements of the privilege). For example, Defendant Short's objections based on the official information privilege were insufficient because they were not invoked with a submission of a privilege log and an affidavit from an official of the agency in control of the documents. *See Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995).

Also, Plaintiff's responses to Defendant Short's initial answers to discovery do not appear to address Defendant Short's non-boilerplate responses. For example, in RPD number 4, Plaintiff requested "a true and correct copy of the name[s] of the officers whom it was determined violated CDCR policy in staff complaint/602 # PBSP D-10-00519." (Dkt. No. 135, Ex. B at 4.) After Defendant Short's list of boilerplate objections, he adds, "plaintiff has not requested the production of any document, and the information sought should be requested by way of interrogatory." (*Id.*) Rather than amend Plaintiff's interrogatories, Plaintiff instead responds with the following non-sequitur: "The information sought is relevant to admissible evidence in determining whether Defendant Short, or a subordinate officer under his supervision, is the John Doe #4 alleged within my complaint. . ." (Dkt. No. 122, Ex. F at 3.) In other words, rather than attempting to work together through the discovery process, the Court is not convinced that the parties have conducted a good faith effort to resolve these disputes before involving the Court.

The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific

disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. *See* Fed. R. Civ. P. 37(a); N. D. Cal. L.R. 37.  Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking Court intervention in any discovery dispute.

The motion to compel is DENIED for all of the reasons above.  The meet-and-confer process of resolving the discovery disputes must occur before the Court will entertain a motion to compel.  The Court will not compel responses when, as here, the parties appear capable of resolving most of the discovery disputes among themselves.  Plaintiff is advised that he must meet and confer about every discovery response he wants to compel before moving to compel the response.  If Defendant Short fails to respond to Plaintiff's discovery requests, Plaintiff may re-file a motion to compel that indicates that Defendant Short has not responded to Plaintiff's requests or that efforts to resolve the dispute have come to an impasse.  Plaintiff must include a copy of the request for discovery in his motion to compel, and must include a certification that describes, in detail, Plaintiff's efforts to meet and confer, as well as Defendant Short's responses. The parties are reminded that they must set forth a good faith effort to resolve discovery disputes and shall be thorough and specific in their communications with each other.

III. Motion for Sanctions

Plaintiff has filed a motion for sanctions.  He alleges that counsel for Defendant Short mailed two supplemental discovery responses to him but failed to include her name and state bar number on the outside of the envelope.  As a result, both responses were opened by prison officials out of Plaintiff's presence. On December 16, 2011, after receiving mail from counsel for Defendant Short, IGI officers discovered what they determined to be confidential and personal information pertaining to Defendant Short, and Plaintiff was not permitted to possess these documents which were sent to him in response to discovery requests.  (Decl. Frisk at ¶¶ 7-

9.) Sergeant Frisk became concerned that Plaintiff may possess other contraband and ordered a cell search.

Plaintiff's motion for sanctions is DENIED. Counsel for Defendant Short sufficiently complied with producing these documents under Rule 37. That prison officials confiscated them once they arrived at the prison does not demonstrate bad faith on either counsel's or Defendant Short's part. In addition, IGI Sergeant Frisk, and IGI officers D. Bassett, E. Healy, and D. Gongona are not parties to this action. Plaintiff does not allege how these non-party individuals can or should be sanctioned for failing to cooperate in discovery. While Defendant Pimental is a party to this action, his only role within this incident was to assist in the cell search after being ordered to do so by Sergeant Frisk. (Decl. Pimental at ¶ 5.)

Finally, Plaintiff has not asserted how he was injured by these incidents. He claims that he missed a Court deadline, but he has not been prejudiced by any such delays. Regarding Plaintiff's apparent inability to possess these particular discovery items, Defendant Short is encouraged to permit Plaintiff a reasonable time, place, and manner for inspection and/or copying. *See* Fed. R. Civ. P. 33(a).

Plaintiff's motion for sanctions is DENIED.

IV.     Briefing Schedule

No later than **sixty (60) days** from the filing date of this order, Defendant Short shall file a motion for summary judgment or other dispositive motion with respect to the remaining cognizable claims. Plaintiff shall file an opposition within **twenty-eight (28) days** after Defendant Short files his motion. Defendant Short shall file his reply within **fourteen (14) days** thereafter.

This order terminates docket numbers 120, 122, and 134.

IT IS SO ORDERED.

DATED: 8/2/12

LUCY H. KOH
United States District Judge