IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERT QUIROZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____ | ) No. C 11-0016 LHK (PR)<br>)<br>) ORDER DIRECTING DEFENDANTS<br>) TO FILE DISPOSITIVE MOTION OR<br>) NOTICE REGARDING SUCH<br>) MOTION<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. After conducting a preliminary screening, the Court finds that Plaintiff has stated cognizable claims for relief.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Liberally construed, Plaintiff's asserts that: (1) Defendants retaliated against him for filing grievances, filing a previous lawsuit, and submitting a declaration in support of another inmate's civil complaint; (2) Defendants Countess and Short violated his rights to association and marry and/or maintain familial relationships; (3) Defendants engaged in conspiracy; and (4) supervisory Defendants failed to train and supervise their subordinates. To the extent Plaintiff raises state law claims that were not previously dismissed in the Court's April 9, 2012, order (docket no. 132), the Court exercises its supplemental jurisdiction over Plaintiff's state law claims. The Court finds that Plaintiff's federal claims are sufficient to state cognizable federal civil rights claims.

In his second amended complaint, Plaintiff repeats his allegation that Defendants violated the Equal Protection Clause. However, the Court already dismissed this claim with leave to amend, notifying Plaintiff that he did not state a claim for relief under the Equal Protection Clause because he did not allege that the defendant state actor acted at least in part because of Plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Although given the opportunity to amend this claim, Plaintiff did not do so. Thus, Plaintiff's allegations regarding a violation of the Equal Protection Clause are DISMISSED without prejudice.

## CONCLUSION

1.  No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a.  If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

  2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.   Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

  3. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  4. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  5. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

  7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED:   2/6/13

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Quiroz016srv.wpd 3