IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERT QUIROZ, ) | No. C 11-0016 LHK (PR) |
| Plaintiff, ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. ) | |
| MATTHEW CATE, et al., ) | (Docket No. 171) |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has now filed a motion for leave to file a supplemental complaint and proposed supplemental complaint. Defendants have filed a non-opposition to Plaintiff's motion. The Court GRANTS Plaintiff's motion for leave to file a supplemental complaint, construes the supplemental complaint as a THIRD AMENDED COMPLAINT, and orders service upon newly named Defendants. Defendants are directed to file a dispositive motion or notice that no such motion is warranted.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Liberally construed, Plaintiff asserts that: (1) Defendants retaliated against him for filing grievances, filing a previous lawsuit, and submitting a declaration in support of another inmate's civil complaint; (2) Defendants Countess and Short violated his rights to association and marry and/or maintain familial relationships; (3) Defendants engaged in conspiracy; and (4) supervisory Defendants failed to train and supervise their subordinates. To the extent Plaintiff raises state law claims that were not previously dismissed in the Court's April 9, 2012, order (docket no. 132), the Court exercises its supplemental jurisdiction over Plaintiff's state law claims. The Court finds that Plaintiff's federal claims are sufficient to state cognizable federal civil rights claims.

**CONCLUSION**

1. The Clerk shall FILE Plaintiff's proposed supplemental complaint, which the Court construes as a third amended complaint.

2. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the THIRD AMENDED COMPLAINT in this matter (docket no. 172), all attachments thereto, and copies of this order on **Investigative Services Unit Correctional Captain B. Freeland; Institutional Gang Investigations Correctional Sergeants J. Frisk and J. Pieren;** and **Institutional Gang Investigations Correctional Officers D. Bassett, E. Healy, D. Gongona, and D.E. Milligan** at **Pelican Bay State Prison**; and **former Correctional Counselor II Devan Hawkes** at **Duel Vocational Institution.** The Clerk shall also serve a copy of this Order on Plaintiff.

3. No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

  a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

  b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/15/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\LHK\CR.11\Quiroz016srv2.wpd            4