1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK ROBERT QUIROZ,        )   No. C 11-0016 LHK (PR)
                             )
        Plaintiff,      )   ORDER GRANTING IN PART AND
                             )   DENYING IN PART MOTION TO
                             )   COMPEL; DENYING REQUEST
     v.                )   FOR SANCTIONS; VACATING
                             )   MOTION FOR SUMMARY
                             )   JUDGMENT; DENYING MOTION
ROBERT A. HOREL, et al.,    )   FOR EXTENSION OF TIME AS
                             )   MOOT
        Defendants.   )
                             )   (Docket Nos. 198, 221, 234)
_____)

      On July 16, 2013, plaintiff, a state prisoner proceeding *pro se*, filed a third amended civil

rights complaint ("TAC") pursuant to 42 U.S.C. § 1983.  Upon screening, the court ordered the

TAC served upon named defendants.  On October 15, 2013, defendant Sergeant D. Short

("Short") filed a motion for summary judgment.  On October 29, 2013, defendants J. F. Akin, D.

Barneburg, J. Barneburg, K. Brandon, S. Burris, Matthew Cate, C. Coulter, C. Countess, G.

D'Errico, A. Dornback, A. Hernandez, Robert A. Horel, Francisco Jacquez, G. D. Lewis, K.

McGuyer, M. J. Nimrod, M. Pena, G. Pimentel, J. Puente, R. Rice, Chris Wilber, and M.

Winingham filed a motion to dismiss and motion for summary judgment.  On November 15,

2013, plaintiff filed a motion to compel discovery from Short.  Plaintiff has also filed a second

motion for an extension of time in which to file his opposition to Short's motion for summary

judgment.  Short has filed an opposition to the motion to compel, and plaintiff has filed a reply.

Plaintiff has also requested sanctions to be imposed against Short.  For the reasons stated below,

Order Granting in Part and Denying in Part Motion to Compel; Denying Request for Sanctions; Vacating Motion for Summary Judgment;
Denying Motion for Extension of Time as Moot
G:\PRO-SE\LHK\CR.11\Quiroz016mtc.wpd

plaintiff's motion to compel is GRANTED in part and DENIED in part; plaintiff's request for sanctions is DENIED; Short's motion for summary judgment is VACATED; and plaintiff's motion for an extension of time in which to file an opposition to Short's motion for summary judgment is DENIED as moot.

## BACKGROUND

In plaintiff's TAC, plaintiff alleges, *inter alia*, that Short conspired with other defendants to unlawfully interfere with plaintiff's incoming and outgoing mail; retaliated against plaintiff for filing grievances, filing the underlying lawsuit, and submitting a declaration in support of another lawsuit; violated plaintiff's right of association and to marry; failed to properly train and supervise his subordinates; and violated state law.

## DISCUSSION

The parties have been conducting discovery since, at the latest, October 17, 2011.  (Mot. to Compel at 3.)  "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(2)(A).  "When a party withholds information that is otherwise discoverable under the Federal Rules by claiming a privilege, as [d]efendants have done in this case, 'the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.'"  *Soto v. City of Concord*, 162 F.R.D. 603, 609 (N.D. Cal. 1995) (quoting Fed. R. Civ. P. 26(b)(5)).

I.   Request for Production of Documents ("RPD")

Plaintiff claims that Short failed to produce the following RPDs:  5, 7, 10, 16-19, and 24. The court will address each request in turn.

A.   RPD Numbers 5, 7, 16-19

Plaintiff's RPD Number 5 asks Short to provide a copy of "any and all logs, lists, or other documentation reflecting" grievances filed against Short by Pelican Bay State Prison ("PBSP") inmates for "tampering, interference, confiscation, stoppage, destruction or discarding of mail

Order Granting in Part and Denying in Part Motion to Compel; Denying Request for Sanctions; Vacating Motion for Summary Judgment;
Denying Motion for Extension of Time as Moot
G:\PRO-SE\LHK\CR.11\Quiroz016mtc.wpd          2

from January 1, 2006 to the date of [Short's] response." (Docket No. 222, "Pl. Decl." Ex. A at 2.) Plaintiff's RPD Number 7 asks Short to provide a copy of "any and all logs, lists, or other documentation reflecting staff complaints filed against defendant Short." (*Id.* at 3.) Plaintiff's RPD Numbers 16-19 request any and all staff complaints, citizen complaints, and general complaints alleging that Short engaged in retaliation or dishonesty before January 4, 2011. (*Id.*, Ex. O at 5-6.)

Short objected to these requests, citing a myriad of reasons, including the right of privacy, and state and federal privilege laws. Short also alleges that these requests were unduly burdensome because grievances and staff complaints are logged and filed according to an inmate's name and complainant rather than by a prison official's name. (*Id.*, Ex. C at 5, 7; Ex. S at 5-9.) The court agrees that compiling such a log or list would be unduly burdensome. To locate these grievances and staff complaints, Short would need to search thousands of different inmates' files, and pull out only those grievances lodged against Short. Short would also need to track down and search all grievances of inmates who are no longer incarcerated.

Short also alleges that these RPDs are irrelevant. However, "[d]ocuments that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery." *Haney v. Woods*, 2013 WL 870665, *2 (E.D. Cal. March 7, 2013). Thus, Short's objection based on relevance is overruled. To the extent that there are relevant documents addressing these RPDs in Short's personnel file, the task does not appear to be unduly burdensome or irrelevant. In this limited situation, plaintiff's motion to compel is GRANTED. Short shall produce relevant documents, including documents from personnel files, that are responsive to RPD Numbers 5, 7, and 16-19. To the extent such information implicates privacy rights, Short may redact identifying personal information from responsive documents.

Thus, the motion to compel RPD Numbers 5, 7, and 16-19 is GRANTED in part and DENIED in part. Accordingly, **within 14 days** from the filing date of this order, Short is directed to produce documents responsive to plaintiff's RPD Numbers 5, 7, and 16-19 to the extent these documents are in Short's personnel file, in the manner described above.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.     RPD Numbers 10 and 15

Plaintiff's RPD Number 10 asks for a copy of Short's duty statement or post order for an Institutional Gang Investigations sergeant that outlines and describes his job responsibilities. (Pl. Decl., Ex. C at 5.)  Plaintiff's RPD Number 15 asks for a copy of any and all "Employee Positional History" reports for Short.  (*Id.*, Ex. C. at 10.)  In response, Short made general objections, and then answered that he would provide both documents.  (*Id.*, Ex. C at 8, 10.)  On December 9, 2011, defense counsel mailed documents responsive to Request Numbers 10 and 15.  (Aguayo Decl. at ¶ 6.)  PBSP identified those documents, deemed them confidential, and confiscated them because plaintiff was prohibited from possessing those documents.  (*Id.*)  On August 6, 2012, the court directed defense counsel to arrange to provide those documents to plaintiff for plaintiff's inspection.  (Docket No. 154 at 10.)  On August 13, 2013, defense counsel contacted PBSP's litigation coordinator to make such arrangements.  (Aguayo Decl. at ¶ 16.) However, on August 20, 2013, the litigation coordinator at PBSP notified defense counsel that plaintiff was prohibited from viewing the documents because the institution deemed them confidential.  (*Id.*)

Neither Short nor the litigation coordinator have provided any legal reason as to why plaintiff is prohibited from discovering these documents.  Moreover, even if such documents were confidential, there is no indication that a redaction of any sensitive information contained in the documents is not feasible in order to comply with the production or inspection of these documents.  *See, e.g.*, *Dixon v. LaRosa*, 2013 WL 210064, *10 (E.D. Cal. Jan. 17, 2013).

Thus, the motion to compel the production of RPD Numbers 10 and 15 is GRANTED. Accordingly, **within 14 days** from the filing date of this order, Short is directed to produce documents responsive to plaintiff's RPD Numbers 10 and 15.

C.     RPD Number 24

Plaintiff requests a copy of the letter of reprimand that Short received for violating a California Department of Corrections and Rehabilitations ("CDCR") policy as a result of plaintiff's staff complaint / administrative grievance against Short in PBSP-D-10-00519.  (Pl. Decl., Ex. O at 7.)  In PBSP-D-10-00519, plaintiff had complained that prison officials retaliated

against him for filing a lawsuit by purposefully tampering with plaintiff's outgoing mail, and intentionally sending a letter, written by plaintiff, to an unintended recipient.  (TAC, Ex. 1 at 81, 83.)  PBSP processed plaintiff's complaint, and concluded that "staff did violate CDCR policy." (*Id.* at 84-85.)

Short responds that the RPD is ambiguous and seeks documents protected under the federal and state right of privacy, privileged under the federal law enforcement privilege, federal privilege of critical self-analysis, and the federal official information privilege.[1]  (*Id.*, Ex. S at 9-11.)

It is undisputed that this letter of reprimand is relevant.  The staff complaint / administrative grievance it concerns contain the same underlying events as those alleged in plaintiff's federal TAC.  Moreover, depending on the letter's contents, it could contain information essential to oppose Short's motion for summary judgment, considering that the investigation from the staff complaint / administrative grievance concluded that Short had indeed violated CDCR policy.  At the very least, the contents of the letter would likely lead to the discovery of admissible evidence.

Defendants' argument that production of this document violates privacy rights has been considered under similar circumstances, and rejected by *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995).  "Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted."  *Id.* at 616.  In *Soto*, a case where a plaintiff was suing police officers for excessive force, the Ninth Circuit concluded that, "district courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's

---

[1]   Short also responds that the request may also seek documents protected under the California peace officer personnel records privilege.  However, "questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'"  *United States v. Zolin*, 491 U.S. 554, 562 (1989) (quoting Federal Rule of Evidence 501); *see Heathman v. United States District Court*, 503 F.2d 1032, 1034 (9th Cir. 1974) ("[I]n federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege .").  Accordingly, the California law-based privilege argument is inapposite.

1    need for the documents." *Id.* at 617.  Accordingly, the court overrules Short's privacy objection.

2          Short also argues that the document is protected under the federal law enforcement

3    privilege.  The law enforcement privilege is designed "to prevent disclosure of law enforcement

4    techniques and procedures, to preserve the confidentiality of sources, to protect witness and law

5    enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and

6    otherwise to prevent interference with an investigation." *In re Department of Investigation of*

7    *City of New York*, 856 F.2d 481, 484 (2d Cir. 1988).  But, the privilege is not absolute.  It is a

8    qualified privilege only that requires the court to "balance the public interest in nondisclosure

9    against the need of the particular litigant for access to the privileged information." *Friedman v.*

10   *Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984).  Here, Short does not

11   explain why the requested document falls under the scope of this privilege.  *See In re Sealed*

12   *Case*, 856 F.2d 268, 271 (D.C. Cir. 1978) (recognizing that before the government may assert the

13   privilege, "the information for which the privilege is claimed must be specified, with an

14   explanation why it properly falls within the scope of the privilege.").  Thus, the court overrules

15   this objection.

16         Short further argues that this document is protected under the critical self-analysis

17   privilege.  However, "neither the Ninth Circuit nor the Supreme Court has recognized the

18   self-critical analysis privilege." *Soto*, 162 F.R.D. at 620.  Moreover, this privilege "should not

19   be applied to police personnel files and records of internal affairs investigations in civil rights

20   suits against police officers." *Id.*  Thus, the court overrules Short's objection.

21         Finally, Short argues that the document is privileged under the official information

22   privilege.  Official information privilege is one of federal common law.  *Sanchez v. City of Santa*

23   *Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  "To determine whether the information sought is

24   privileged, courts must weigh the potential benefits of disclosure against the potential

25   disadvantages." *Id.* at 1033-34.  The balancing test "is moderately pre-weighted in favor of

26   disclosure." *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).  The privilege "must be

27   formally asserted and delineated in order to be raised properly," and the party opposing

28   disclosure must "state with specificity the rationale of the claimed privilege." *Kerr v. United*

Order Granting in Part and Denying in Part Motion to Compel; Denying Request for Sanctions; Vacating Motion for Summary Judgment;
Denying Motion for Extension of Time as Moot
G:\PRO-SE\LHK\CR.11\Quiroz016mtc.wpd                         6

*States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). *Kerr* requires that to allow the court to decide whether the official information privilege applies, defendants must provide with their objection a declaration or affidavit containing (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. *Kelly*, 114 F.R.D. at 670. If the court concludes that defendants failed to satisfy its threshold burden, the court should order defendants to disclose the requested material. *Id.* at 671. If defendants made a sufficient threshold showing, the court should "order an in camera review and offer defendant[s] an opportunity to submit a brief and additional supporting material (e.g., a supplemental affidavit)." *Id.*

Short has submitted an affidavit from S. Soderlund, the litigation coordinator at PBSP. (Opp., Ex. F.) In this affidavit, Soderlund does not include the necessary elements listed above. Specifically, Soderlund does not state that she "has personally reviewed the material in question." Nor does Soderlund specify which "various" documents are privileged. (*Id.*) Moreover, although Soderlund explains that a protective order would be inadequate because the plaintiff is a pro se inmate, it does not appear that she has considered whether the document(s) could be redacted, or whether that the document(s) could be made available for inspection by the plaintiff without allowing the plaintiff to possess a physical copy. In these scenarios, it is difficult to imagine how the document would "create a substantial risk of harm to governmental or privacy interest." *Kelly*, 114 F.R.D. at 670. Finally, Soderlund makes no mention of how much harm would be done to the governmental interests if disclosure were made. *See id.*; *Soto*, 162 F.R.D. at 614 ("The party resisting discovery must specifically describe how disclosure of the requested documents in that particular case . . . would be harmful."). Because Short has not met these threshold requirements, Short's objection based on official information privilege is

overruled.

Thus, plaintiff's motion to compel RPD Number 24 is GRANTED.  Accordingly, **within 14 days** from the filing date of this order, Short is directed to produce documents responsive to plaintiff's RPD Number 24.

II.    Interrogatories

Plaintiff claims that Short failed to appropriately respond to the following interrogatories: 2, 3, 8, 9, 10,14-17.  The court will address each request in turn.

A.    Interrogatory Number 2

Plaintiff asks Short whether Short has ever been convicted of a misdemeanor, and if so, what the offense(s) and case number(s) were.  (Pl. Decl., Ex. B at 2.)  Short objects, relying on California privacy rights, and states that the interrogatory is overbroad because Federal Rule of Civil Procedure 609(a)(2) only allows admission of a crime that proves a dishonest act or false statement.  (*Id.*, Ex. T at 1-2.)  In response to Short's reasoning, plaintiff narrows his request to any misdemeanor convictions for an act of dishonesty or false statement.  (Aguayo Decl., Ex. J at 123.)

So narrowed, plaintiff's motion to compel is GRANTED.  Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Number 2.

B.    Interrogatory Number 3

Plaintiff asks Short to identify all positions and titles, along with dates of employment, that Short has held at PBSP, and to describe the job responsibilities for each.  (Pl. Decl, Ex. D at 3.)  Notwithstanding Short's general objections, Short has answered that he was a Correctional Officer from November 1995 through August 2008, and a Correctional Sergeant from September 2008 through the present.  (*Id.*, Ex. T at 3.)  Moreover, Short stated that the job responsibilities for each position can be found in the documents responsive to plaintiff's RPD Numbers 10 and 15.  (*Id.*)  Because the court has ordered Short to produce documents responsive to RPD Numbers 10 and 15, the court finds that Short's responses are sufficient.

Plaintiff's motion to compel Interrogatory Number 3 is DENIED.

C.    Interrogatory Number 8

Plaintiff asks Short whether he has ever violated a CDCR policy.  (Pl. Decl., Ex. D at 5.) Short objects to the interrogatory as overbroad, and a violation of privacy rights.  Short also claims that the interrogatory seeks privileged information.  (*Id.*, Ex. T at 3-4.)  Plaintiff clarified that the time period in question is January 1, 2006 through the present.  (Aguayo, Ex. J. at 124.) For the reasons stated above in addressing plaintiff's RPD Number 24, the court overrules Short's objections based on privilege and privacy rights.

Plaintiff's motion to compel a response to Interrogatory Number 8 is GRANTED. Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Number 8.

D.    Interrogatory Numbers 9 and 10

Plaintiff asks Short to admit or deny that Short was the officer who was found to have violated CDCR policy in plaintiff's staff complaint PBSP D-10-00519.  (Pl. Decl., Ex. D at 5-6.) If so, plaintiff asks Short to explain what policy was violated.  Short objects that the interrogatories are privileged and subject to privacy rights.  For the reasons stated in the court's response above regarding privacy rights and asserted privileges, Short's objections are overruled. Plaintiff's motion to compel a response to Interrogatory Numbers 9 and 10 is GRANTED. Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Numbers 9 and 10.

E.    Interrogatory Number 14

Plaintiff asks Short whether Short was transferred from the Institutional Gang Investigations Unit as a result of violating CDCR policy.  (Pl. Decl., Ex. H at 3.)  Short objects to the interrogatory as overbroad, ambiguous, and a violation of privacy rights.  Short also claims that the interrogatory seeks privileged information.  (*Id.*, Ex. T at 5-6.)  For the reasons stated in the court's response to plaintiff's RPD Number 24, Short's objections are overruled.  Plaintiff's motion to compel a response to Interrogatory Number 14 is GRANTED.  Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Number 14.

G.      Interrogatory Number 15

Plaintiff asks Short to list the charge and cause of disciplinary action taken again him with regard to plaintiff's staff complaint in PBSP-D-10-00519.  Short objects to this interrogatory because the information is privileged.  For the reasons stated in the court's response to plaintiff's RPD Number 24, Short's objections are overruled.  Plaintiff's motion to compel a response to Interrogatory Number 15 is GRANTED.  Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Number 15.

H.      Interrogatory Number 16

Plaintiff asks Short to list the penalty imposed upon him for violating CDCR policy in relation to plaintiff's staff complaint in PBSP-D-10-00519.  Short objects and states that the interrogatory is vague and ambiguous, and the information is privileged.  For the reasons stated in the court's response to plaintiff's RPD Number 24, Short's objections are overruled.  Plaintiff's motion to compel a response to Interrogatory Number 16 is GRANTED.  Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Number 16.

I.      Interrogatory Number 17

Plaintiff asks Short whether Short received a letter of reprimand for violating CDCR policy in relation to plaintiff's staff complaint in PBSP-D-10-00519.  Short objects and states that interrogatory is vague and ambiguous, and the information is privileged.  For the reasons stated in the court's response to plaintiff's RPD Number 24, Short's objections are overruled.  Plaintiff's motion to compel a response to Interrogatory Number 17 is GRANTED.  Accordingly, **within 14 days** from the filing date of this order, Short is directed to respond to plaintiff's Interrogatory Number 17.

III.    Requests for Admission

Plaintiff claims that Short failed to appropriately respond to the following Requests for Admissions:  22, 23, and 24.  The court will address each request in turn.

Order Granting in Part and Denying in Part Motion to Compel; Denying Request for Sanctions; Vacating Motion for Summary Judgment;
Denying Motion for Extension of Time as Moot
G:\PRO-SE\LHK\CR.11\Quiroz016mtc.wpd                    10

1

A.   Request for Admissions Number 22

2

Plaintiff asks Short to admit that the confidential inquiry into plaintiff's staff complaint in

3

PBSP-D-10-00519 resulted in a finding that Short violated CDCR policy.  Short argues that this

4

information is privileged.  For the reasons stated in the court's response to plaintiff's RPD

5

Number 24, Short's objections are overruled.  Plaintiff's motion to compel the response to the

6

Request for Admissions Number 22 is GRANTED.  Accordingly, **within 14 days** from the filing

7

date of this order, Short is directed to respond to plaintiff's Request for Admissions Number 22.

8

B.   Request for Admissions Numbers 23 and 24

9

In the Request for Admissions Number 23, plaintiff asks Short to admit that Short

10

intentionally placed a letter intended for plaintiff's friend, Yvette Alvidrez, in outgoing envelope

11

to plaintiff's girlfriend, Vivian Chavez.  Despite Short's objections, it appears that Short has

12

admitted he did intentionally do so.  (MSJ, Decl. Short at ¶ 13.)  Thus, plaintiff's motion to

13

compel a response to his Request for Admissions Number 23 is DENIED as moot.

14

In the Request for Admissions Number 24, plaintiff asks Short to admit that Lieutenant

15

Barneburg was Short's supervisor during the period when Short violated CDCR policy in PBSP-

16

D-10-519.  Despite Short's objections, it appears that Short has admitted that Lieutenant

17

Barneburg was Short's supervisor during that period.  (MSJ, Ex. G at 43.)  Thus, plaintiff's

18

motion to compel a response to his Request for Admissions Number 24 is DENIED as moot.

19

IV.   Request for Sanctions

20

Plaintiff requests the court to impose sanctions[2] upon Short, pursuant to Federal Rule of

21

Civil Procedure 37(a)(5).  Rule 37(a)(5) allows the court to order the non-movant of a motion to

22

compel to pay a successful movant's reasonable expenses incurred from making the motion to

23

compel.  In cases where the motion to compel is granted in part and denied in part, as here, Rule

24

25

[2]  In the Northern District of California, any motion for sanctions must, *inter alia*, be
separately filed.  *See* Civil L.R. 7-8(a).  Under Civil Local Rule 7-8, a motion for sanctions must

26

comply with the following: (1) the motion must be separately filed; (2) the form of the motion
must comply with Civil Local Rule 7-2; (3) the motion must comply with all applicable federal

27

civil rules of procedure, and must be made as soon as practicable after discovery circumstances
alleged to make the motion appropriate; and (4) must be served and filed less than 14 days after

28

entry of judgment.  *See* Civil L.R. 7-8.  Plaintiff's request for sanctions was combined with
plaintiff's motion to compel, and thus, fails to comply with the Civil Local Rules.

Order Granting in Part and Denying in Part Motion to Compel; Denying Request for Sanctions; Vacating Motion for Summary Judgment;
Denying Motion for Extension of Time as Moot
G:\PRO-SE\LHK\CR.11\Quiroz016mtc.wpd                    11

37(a)(5)(C) provides that "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  Here, there is no indication that plaintiff, a *pro se* prisoner, incurred any expenses for bringing this motion.  Moreover, case law has clarified that "Rule 37 does not empower the district court to award attorney fees to a *pro se* litigant." *Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1376 (Fed. Cir. 2002).

Alternatively, plaintiff requests that the court use its inherent powers to impose sanctions on Short.  "Exercise of the court's inherent power must be done with restraint and discretion. More particularly, the inherent power can be used to shift attorney fees when there has been: (1) willful disobedience of a court order and (2) conduct that is in bad faith, vexatious, wanton, or for oppressive reasons." *Id.* at 1378 (internal citations omitted).  Here, plaintiff has not alleged, nor does the evidence suggest, that Short has disobeyed a court order.  Thus, in order to impose sanctions on Short, the court must find that he has engaged in conduct that is in bad faith, vexatious, wanton, or for oppressive reasons.  *Id.*; *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) ("Rule 37 sanctions are appropriate only where the discovery violation is due to willfulness, bad faith, or fault of the party.").  Thus far, the evidence does not suggest that Short has engaged in such conduct sufficient to impose sanctions.  Plaintiff makes no argument that he has been prejudiced or harmed in this litigation by Short's failure to provide sufficient responses.  Further, and more importantly, the court's overruling of some of Short's objections does not necessarily demonstrate that the objections were made in bad faith or for other inappropriate reasons.

Accordingly, at this time, plaintiff's request for sanctions is DENIED without prejudice.

## CONCLUSION

Plaintiff's motion to compel is GRANTED in part and DENIED in part.  Plaintiff's request for sanctions is DENIED without prejudice.  Short is compelled to produce the following discovery: (A) as limited by the court, documents responsive to plaintiff's RPD Numbers 5, 7, and 16-19; (B) documents responsive to plaintiff's RPD Numbers 10, 15, and 24; (C) responses to plaintiff's Interrogatory Numbers 2, 8, 9, 10, and 14-17; and (D) a response to plaintiff's

Request for Admissions Number 22.  In all other respects, plaintiff's motion to compel is denied.

Accordingly, **within 14 days** from the filing date of this order, Short is directed to produce such

discovery and/or permit plaintiff a reasonable time, place, and manner for inspection of

documents responsive to the above mentioned discovery requests.

    Aside from the instant order, discovery is now closed.  In light of this order compelling

discovery, Short's motion for summary judgment is VACATED.  Short shall file a motion for

summary judgment no later than **60 days** from the filing date of this order.  Plaintiff's motion for

an extension of time to file an opposition is DENIED as moot.  Plaintiff's opposition to Short's

motion for summary judgment is due twenty-eight days after Short's motion is filed.  Short's

reply is due fourteen days after plaintiff's opposition is filed.  The parties are advised that, due to

the age of this matter, the court is not inclined to grant any further extensions of time.

    IT IS SO ORDERED.

DATED: ___2/10/14___

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Order Granting in Part and Denying in Part Motion to Compel; Denying Request for Sanctions; Vacating Motion for Summary Judgment;
Denying Motion for Extension of Time as Moot
G:\PRO-SE\LHK\CR.11\Quiroz016mtc.wpd                    13